**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM DINON,<br>Plaintiff,<br><br>v.<br><br>FULTON BANK NATIONAL ASSOCIATION, *et al.*<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 5:25-cv-07072-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.** **August 4, 2026**

## I. OVERVIEW

Defendant Fulton Bank National Association ("Fulton Bank") moves for summary judgment on Plaintiff William Dinon's claims alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 et seq. Defendant contends that Plaintiff's ADEA claim is barred because Plaintiff commenced this action ninety-one days after receiving the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue. Defendant further requests that, if the Court dismisses Plaintiff's federal claim, the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining PHRA claim.

For the reasons that follow, Defendant's Motion for Summary Judgment will be granted. The undisputed record establishes that Plaintiff received the EEOC's Notice of Right to Sue on September 15, 2025, but did not file this action until December 16, 2025, one day after expiration of the applicable ninety-day limitations period. Although Plaintiff argues that the filing period did

not begin until his attorney later viewed or downloaded the Notice from the EEOC Public Portal, binding Third Circuit precedent forecloses that argument. Because the Court will dispose of Plaintiff's sole federal claim, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim.

## II. BACKGROUND

Plaintiff applied and interviewed for a Relationship Manager position with Defendant Fulton Bank National Association's Retirement Plan Services Team in May and June 2023. Def.'s Statement of Undisputed Material Facts ("Def.'s SUF") (ECF No. 16–2) ¶¶ 1–3.[1] On July 24, 2023, Defendant notified Plaintiff that another candidate had been selected for the position. *Id.* ¶ 4.

On April 29, 2024, Plaintiff filed a Charge of Discrimination with the EEOC and the Pennsylvania Human Relations Commission ("PHRC"), alleging that Defendant failed to hire him because of his age. *Id.* ¶¶ 5–6. On September 15, 2025, the EEOC issued a Determination and Notice of Rights dismissing the Charge and advising Plaintiff that any lawsuit under federal law had to be filed within ninety days of his receipt of the Notice. *Id.* ¶¶ 7–9.

The EEOC notified both Plaintiff and his counsel by email on September 15, 2025, that a new document was available in the EEOC Public Portal. *Id.* ¶¶ 10–11. It is undisputed that Plaintiff accessed the EEOC Public Portal and downloaded the Notice of Rights that same day. *Id.* ¶¶ 12–13. Plaintiff, however, did not inform his counsel that he had accessed or downloaded the Notice, nor did he forward the Notice to counsel. Pl.'s Statement of Additional Material Facts ("Pl.'s SAMF") (ECF No. 20–1) ¶¶ 22–23.

---

[1] Defendant submitted a Statement of Undisputed Material Facts. Although Plaintiff disputes the legal significance of many of those facts and provides additional factual assertions, Plaintiff does not specifically dispute any of the factual statements set forth in Defendant's Statement of Undisputed Material Facts. Accordingly, unless otherwise noted, the facts recited herein are drawn from Defendant's Statement of Undisputed Material Facts.

As of September 24, 2025, Plaintiff's counsel did not download the Notice of Rights from the EEOC Public Portal after receiving the September 15, 2025 email notification. Def.'s SUF ¶ 14. According to Plaintiff, the subject line of the September 15 email merely indicated that a final determination had been made regarding Plaintiff's Charge and did not state that a Notice of Rights had been issued. Pl.'s SAMF ¶¶ 24–25. On September 24, 2025, the EEOC sent Plaintiff's counsel correspondence titled "Dismissal and Notice of Rights Enclosed," explaining that counsel had not downloaded the Notice from the Portal and enclosing a copy of the September 15, 2025 Notice of Rights. Def.'s SUF ¶¶ 15–16. Plaintiff contends that counsel first received the Notice of Right to Sue through this September 24, 2025 correspondence. Pl.'s SAMF ¶ 26.

Plaintiff filed the present action on December 16, 2025. Def.'s SUF ¶ 18. Defendant asserts that the Complaint was filed ninety-one days after Plaintiff received the September 15, 2025 Notice of Rights and therefore falls outside the ninety-day filing period. *Id.* ¶¶ 19–21. Plaintiff responds that counsel filed the Complaint within ninety days of counsel's actual receipt of the Notice of Right to Sue on September 24, 2025. Pl.'s SAMF ¶ 27.

On July 16, 2026, Defendant filed a motion for summary judgment on all of Plaintiff's claims. *See generally* Mem. of L. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem. L. Supp.") (ECF No. 16). On July 27, 2026, Plaintiff filed their opposition. *See generally* Pl.'s Br. in Opp'n to Def's Mot. for Summ. J. ("Pl.'s Br.") (ECF No. 20).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 56(c) provides that the district court must "grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Essentially, the Court must analyze "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson*, 477 U.S. at 248). At this stage of litigation, all facts presented are viewed in the light most favorable to the nonmoving party. *Daniels v. City of Pittsburgh*, No. 22-1790, 2023 WL 2707178, at *2 (3d Cir. Mar. 30, 2023).

To survive a properly supported motion for summary judgment, the nonmoving party must present affirmative evidence of specific facts to demonstrate a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57; *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (citing *Pa. Prot. & Advoc., Inc. v. Pa. Dep't of Pub. Welfare,* 402 F.3d 374, 379 (3d Cir. 2005)) ("Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact."). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Colkitt*, 455 F.3d at 201; FED. R. CIV. P. 56(c)(1)(A) (requiring any party asserting a fact to "cit[e] to particular parts of materials in the record"). Statements of Disputed Facts are not evidence, so a "district court may not rely solely on" them to justify a finding that a dispute of material fact exists. *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006), *as amended* (May 5, 2006) (citation omitted).

In applying this standard, "the court must construe the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences." *Barton &*

*Pittinos v. Smithkline Beecham Corp.*, 118 F.3d 178, 181 n.3 (3d Cir. 1997) (citing *Meinhardt v. Unisys Corp. (In re Unisys Sav. Plan Litig.)*, 74 F.3d 420, 433 n.10 (3d Cir. 1996). At the summary judgment stage, the Court's role is not to weigh the evidence and determine the ultimate truth of the allegations. *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019); *see also InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 160 (3d Cir. 2003) ("When analyzing the evidence under this summary judgment standard, a court is not to weigh the evidence or make credibility determinations; these are tasks left for the fact-finder." (internal quotation marks omitted)). Instead, the Court's task is to identify and explain the law governing the matter, and then, in light of that law, determine whether there remains a genuine issue of fact for trial. *Id.*

## IV. ANALYSIS

### A. Plaintiff's ADEA Claim Is Untimely.

The ADEA incorporates the enforcement procedures set forth in Title VII. Accordingly, after the EEOC dismisses an administrative charge and issues a notice of right to sue, a plaintiff must commence a civil action within ninety days after receiving that notice. *See* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

The ninety-day filing requirement functions as a statute of limitations. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999)). Although not jurisdictional, it is strictly enforced and generally bars claims filed outside the prescribed limitations period absent a basis for equitable tolling. *See Burgh*, 251 F.3d at 470. The Third Circuit has repeatedly emphasized that courts are not free to enlarge the statutory filing period "by even one day." *See Hayes v. N.J. Dep't of Hum. Servs.*, 108 F.4th 217, 221 (3d Cir. 2024); *Mosel v. Hills Department Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). Here, there is no genuine dispute regarding the operative chronology.

The EEOC issued Plaintiff's Notice of Right to Sue on September 15, 2025. Def.'s SUF ¶¶ 7–9. On that same date, the EEOC notified both Plaintiff and Plaintiff's counsel electronically that a new document relating to Plaintiff's charge was available through the EEOC Public Portal. *Id.* ¶¶ 10–11. More importantly, Plaintiff admittedly accessed the Portal on September 15, 2025, and downloaded the Notice of Rights that same day. *Id.* ¶¶ 12–13. Plaintiff filed this civil action on December 16, 2025. *Id.* ¶¶ 18–19.

Applying Federal Rule of Civil Procedure 6(a), December 16, 2025, was ninety-one days after Plaintiff received the Notice of Rights. Accordingly, unless Plaintiff identifies a legally cognizable basis for delaying commencement of the limitations period, his ADEA claim is untimely.

Plaintiff principally argues that the limitations period did not begin until Plaintiff's counsel actually received or downloaded the Notice of Rights from the EEOC Public Portal or, alternatively, until counsel received the EEOC's September 24, 2025 correspondence enclosing another copy of the Notice. Pl.'s Br at 6–7. According to Plaintiff, because counsel did not receive "actual written notice" until September 24, 2025, the Complaint was timely. Pl.'s SAMF ¶¶ 26–27. That argument is inconsistent with controlling precedent. Plaintiff's argument fails for two independent reasons.

First, the undisputed record establishes that Plaintiff himself received the Notice of Right to Sue on September 15, 2025. Def.'s SUF ¶¶ 12–13; Pl.'s SAMF ¶¶ 12–13. Plaintiff admits that on September 15, 2025, he logged into the EEOC Public Portal and downloaded the Notice of Rights. Def.'s SUF ¶¶ 12–13; Pl.'s SAMF ¶¶ 12–13. Thus, unlike cases in which the date of receipt is disputed, the date Plaintiff actually received the Notice is known and undisputed.

Second, even if Plaintiff himself had not accessed the Notice on September 15, 2025, the EEOC simultaneously transmitted electronic notice to Plaintiff's counsel that a new document was

available for download in the EEOC Public Portal. Def.'s SUF ¶ 11. The Third Circuit has made clear that the ninety-day limitations period begins when the EEOC gives notice that it has dismissed the charge and that suit may be brought. *Hayes*, 108 F.4th at 221. Because the EEOC "usually gives that notice in the form of a right-to-sue letter," the limitations period "typically begins ***when the plaintiff (or her lawyer) receives the letter***", that is, when either the plaintiff or counsel first receives the notice. *Id.* (emphasis added) (citations omitted).

Plaintiff nevertheless contends that counsel did not receive sufficient notice until September 24, 2025, when the EEOC mailed a letter entitled "Dismissal and Notice of Rights Enclosed." Pl.'s SAMF ¶ 26. Plaintiff emphasizes that the September 15 email merely advised counsel that a "final determination" had been made and did not expressly identify the attached document as a Notice of Right to Sue. *Id.* ¶¶ 24–25. This argument is unpersuasive.

District courts within this Circuit have repeatedly rejected materially identical challenges to the EEOC's electronic notification procedures. In *McNaney v. Sampson & Morris Group, Inc.*, the EEOC emailed plaintiff's counsel advising that it had made a decision regarding the charge, instructing counsel that it was "very important" to download the decision, and directing counsel to access the document through the EEOC Public Portal. No. 2:21-cv-1809, 2022 WL 1017388, at *3–5 (W.D. Pa. Apr. 5, 2022). In *McNaney,* although counsel admittedly received the email, he argued that the ninety-day limitations period did not begin until he actually accessed the Portal and viewed the right-to-sue notice. *Id.* at *4. The court rejected that argument, holding that the limitations period commenced when the EEOC electronically notified counsel that the decision had been issued and made the right-to-sue letter available through the Portal. *Id.* at *4–5. The court explained that counsel "simply did not access the documents referenced in the emails," and held that "[c]ounsel's failure to open the link and actually read the document does not toll the

commencement of the period, just as it would not if he simply failed to open mail delivered in the traditional manner." *Id.* at *5. Accordingly, the court concluded that the complaint, filed more than ninety days after the EEOC's electronic notice, was untimely. *Id.*

Likewise, in *Paniconi v. Abington Hospital-Jefferson Health*, the court rejected the plaintiff's argument that the ninety-day limitations period should not begin until counsel actually accessed and downloaded the right-to-sue notice from the EEOC's electronic portal. 604 F. Supp. 3d 290 (E.D. Pa. 2022). There, counsel received an email notification from the EEOC advising that an "important document" was available through the portal, but counsel did not retrieve the document until several days later. *Id.* at 292. The court held that the limitations period began when the email notification was received, explaining that "[w]hen the actual date of receipt is known, that date controls," and that counsel's failure to open the link and review the document did not toll the commencement of the filing period. *Id.* at 292–93. Those decisions are persuasive and directly applicable here.

Like the plaintiffs in *McNaney* and *Paniconi*, Plaintiff's counsel received electronic notice from the EEOC on September 15, 2025, informing counsel that a new document relating to Plaintiff's Charge was available through the EEOC Public Portal. Def.'s SUF ¶ 11. Counsel simply failed to retrieve that document. The EEOC's subsequent September 24 correspondence expressly confirms as much, explaining that the additional mailing was sent only because the EEOC's records reflected that counsel had **not yet downloaded** the previously issued Notice from the Portal. *Id.* ¶¶ 15–17. The September 24 correspondence did not constitute a second notice of rights or trigger a new limitations period because the EEOC had already issued and made available the Notice of Right to Sue on September 15. Rather, it merely enclosed another copy of the same Notice for counsel's convenience.

Nor does Plaintiff's assertion that he failed to inform counsel that he had downloaded the Notice alter the analysis. The statute measures the filing period from receipt of the EEOC's notice, not from communications between a client and his attorney. Plaintiff indisputably received the Notice on September 15, 2025. Def.'s SUF ¶¶ 12–13; Pl.'s SAMF ¶¶ 22–23. As explained in *Hayes*, receipt by either Plaintiff or counsel is sufficient to commence the limitations period. The rule avoids allowing a plaintiff to extend the statutory period based on delays in communication between the plaintiff and counsel. Accordingly, Plaintiff cannot postpone the statutory deadline by relying on counsel's later review of a document that Plaintiff himself had already received.

Finally, Plaintiff argues that the September 15 email's subject line referenced only a "final determination" and therefore did not adequately notify him that the EEOC had issued a Notice of Right to Sue. Pl.'s SAMF ¶¶ 24–26. This argument is unavailing. Regardless of any ambiguity Plaintiff attributes to the email's subject line, Plaintiff accessed the EEOC Public Portal on September 15, 2025, downloaded the Notice of Rights, and thereby obtained the document that informed him of the ninety-day period in which to commence suit. Def.'s SUF ¶¶ 12–13. Because Plaintiff received the Notice itself on September 15, 2025, any alleged deficiency in the email notification is immaterial and does not delay commencement of the limitations period.

Accordingly, the Court concludes that the ninety-day limitations period commenced on September 15, 2025. Counting ninety days from that date, Plaintiff was required to commence this action no later than December 15, 2025. Plaintiff instead filed his Complaint on December 16, 2025. *Id.* ¶¶ 18–19.

The Third Circuit has consistently held that courts may not extend the statutory filing period "by even one day." *Hayes*, 108 F.4th at 221; *Mosel*, 789 F.2d at 253. Because Plaintiff commenced

this action one day after expiration of the applicable limitations period, his ADEA claim is untimely as a matter of law.

The Court therefore grants Defendant's Motion for Summary Judgment as to Count I.

**B. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's PHRA Claim.**

The sole remaining claim arises under the Pennsylvania Human Relations Act, thus at this point, as the federal claims have been dismissed, this Court exercises its discretion and declines to exercise supplemental jurisdiction over the state law claims, as there is no affirmative justification to do otherwise. *See* 28 U.S.C. § 1367(c) ("district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Stone v. Martin*, 720 F. App'x 132, 135 (3d Cir. 2017) (directing that district courts "must decline to exercise supplemental jurisdiction in such circumstances unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (citation omitted).

Plaintiff urges the Court to retain jurisdiction because discovery has begun, a scheduling order has been entered, and requiring Plaintiff to refile his PHRA claim in state court would result in additional expense and delay. Pl.'s Br at 7–8. The Court is not persuaded.

This litigation remains in its early stages. Discovery has largely been stayed pending resolution of the threshold limitations issue, and the Court has not expended substantial judicial resources addressing the merits of Plaintiff's discrimination claims. ECF No. 19. Although Plaintiff undoubtedly will incur some additional expense by pursuing his PHRA claim in state court, such considerations are present in nearly every case in which supplemental jurisdiction is declined and, standing alone, do not constitute the exceptional circumstances contemplated by § 1367.

## V. CONCLUSION

The Court concludes that no reasonable factfinder could determine that Plaintiff timely filed his ADEA claim. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Count I. Because no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's PHRA claim. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge